TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
43 Danbury Road
Wilton, CT 06897
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Paul Lowry

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Lowry,<br><br>                     Plaintiff,<br><br>          vs.<br><br>Thunderbird Collection Specialists, Inc.,<br><br>                     Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Paul Lowry (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Thunderbird Collection Specialists, Inc. (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1.     This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4.     Plaintiff is an adult individual residing in Glendale, Arizona, and is a "person" as defined by 47 U.S.C. § 153(39).

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Defendant is a business entity located in Scottsdale, Arizona, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

7.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

## <u>ALLEGATIONS APPLICABLE TO ALL COUNTS</u>

8.      Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

9.      Plaintiff's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, is a "debt" as defined by 15 U.S.C. § 1692a(5).

10.     At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

11.     Within the past year, Defendant contacted Plaintiff in an attempt to collect a debt allegedly owed to Desert Star Apartments.

12.     On or about July 28, 2015, Plaintiff informed Defendant that the alleged debt had been paid in full.

13.     As proof, Plaintiff mailed Defendant a copy of a letter addressed to Plaintiff from Desert Star Apartments dated September 9, 2013, which states, "Please take this notice as confirmation that Mr. Lowry has satisfied his lease in full.  He gave proper notice and finished his lease as required, and no penalties for breaking his lease should have been charged.  He has a total of $400 in cleaning bills that he satisfied today (9/8/13) in full."

14.     On or about August 10, 2015, Defendant called Plaintiff and stated that the letter from Desert Star "was not good enough" and proceeded to pressure Plaintiff into making payment.

15.     Thereafter, Defendant continued to repeatedly call Plaintiff in an attempt to collect an illegitimate debt.

16.     In addition, Thunderbird reported the illegitimate debt on Plaintiff's credit report, knowing that Plaintiff did not owe the debt.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

17.     Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

18.     The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

19.     Defendant attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

20.     Defendant engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiff, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

4

21.     Defendant caused Plaintiff's phone to ring or engaged Plaintiff in telephone conversations repeatedly or continuously, with the intent to annoy, abuse and harass Plaintiff, in violation of 15 U.S.C. § 1692d(5).

22.     Defendant used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

23.     Defendant misrepresented the character or amount of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A).

24.     Defendant communicated with a consumer-reporting agency and provided false credit information, in violation of 15 U.S.C. § 1692e(8).

25.     Defendant used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

26.     Defendant attempted to collect an amount from Plaintiff that was unauthorized by agreement or law, in violation of 15 U.S.C. § 1692f(1).

27.     The foregoing acts and/or omissions of Defendant constitute multiple violations of the FDCPA, including every one of the above-cited provisions.

28.     Plaintiff has been harmed and is entitled to damages as a result of Defendant's violations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

1

2           C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C.

3              § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

4           D. Punitive damages; and

5           E. Such other and further relief as may be just and proper.

6

7   **TRIAL BY JURY DEMANDED ON ALL COUNTS**

8

9   DATED:  January 12, 2016            TRINETTE G. KENT

10                               By:   */s/  Trinette G. Kent*

11                               Trinette G. Kent, Esq.

12                               Lemberg Law, LLC

13                               Attorney for Plaintiff, Paul Lowry

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28